

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LORNAMEAD INC., formerly
known as LORNAMEAD BRANDS, INC.,

              Plaintiff,

-vs-

CONOPCO, INC.

              Defendant.

**07 CV 10385**

COMPLAINT

RECEIVED
NOV 16 2007
U.S.D.C. S.D.N.Y.

    Plaintiff, by its attorneys, Harris Beach PLLC, for its Complaint against the Defendant herein alleges:

### THE PARTIES

    1.    Plaintiff is a Delaware corporation with its office and principal place of business in the State of Connecticut.

    2.    Upon information and belief Defendant is a New York Corporation with its office and principal place of business in the State of New Jersey.

### JURISDICTION AND VENUE

    3.    Jurisdiction in this action is pursuant to Section 1332 of Title 28 of the United States Code. There is complete diversity between the parties and the amount in controversy exceeds $75,000.

    4.    Venue is proper in this Court pursuant to Section 11.10 of a March 24, 2006 Asset Purchase Agreement between the parties.

### THE ASSET PURCHASE AGREEMENT

    5.    Plaintiff and Defendant entered into an Asset Purchase Agreement ("Agreement", Exhibit "A") as of March 24, 2006 wherein the Defendant agreed to sell to the Plaintiff certain

HARRIS BEACH
ATTORNEYS AT LAW

"Transferred Assets" of the "Business" described in the Agreement for a base purchase price of $40,000,000 with certain additional payments to be determined by the Agreement.

6. Certain of the "Transferred Assets" were described in a "Disclosure Schedule" (Exhibit "B") incorporated by reference in the Agreement. They related to the manufacture, marketing and selling of the "Finesse" brand "of hair products and the "Aqua Net" brand of hair styling products throughout the world.

7. Section 11.05(b) of the Agreement defines the "Business" as,

> (i) in the case of the Finesse Brand, the business of manufacturing, marketing, distributing and selling the Products constituting such Brand on a worldwide basis as such business is currently conducted by the Seller and the Seller Affiliates and (ii) in the case of the Aqua Net Brand, the business of manufacturing, marketing, distributing and selling the Products constituting such Brand on a worldwide basis (other than from Mexico) as such business is currently conducted by Seller and the Seller Affiliates.

8. The Transferred Assets included all trademarks, trademark registrations and trademark applications and associated goodwill for Trademarks listed on Schedule 1.02(a)(ii) of the Schedule included in the Disclosure Schedule.

9. The Trademarks included FINESSE AQUA NET, FINESSE PLUS, FINESSE TOUCHABLES, SOMETIMES YOU NEED A LITTLE FINESSE and SOMETIMES YOU NEED A LOT within one hundred seventeen countries including Costa Rica, El Salvador and Guatemala.

10. Section 2.02 of the Agreement provides in pertinent part that the Defendant would deliver to the Plaintiff, upon closing the transaction, "instruments of transfer" relating to the Transferred Assets as well as "appropriately executed assignments of the Transferred Intellectual Property".

11. Article III of the Agreement, the "Representations and Warranties of Seller", includes Section 3.10 entitled "Absence of Changes or Events". Section 3.10 provides in pertinent part that,

> Except as set forth in Schedule 3.01 or Schedule 5.01, since the Statement of Assets (i) there has not been a Business Material Adverse Effect . . .

12. "Business Material Adverse Effect" is defined in Section 11.05 of the Agreement. It includes a, "[M]aterial adverse effect (i) on the financial condition or results of operations of the Business as a whole . . ."

13. Schedule 3.10 provides in pertinent part that, "Walmart has indicated to Seller that it has or will be reducing the number of Finesse Brand Products that it carries for sale" (the "Walmart Representation").

14. Walmart was a major customer for the Finesse and Aqua Net brands acquired by Plaintiff pursuant to the Agreement.

15. Plaintiff relied on the Walmart Representation when it entered into the Agreement.

16. Defendant knew that Plaintiff was relying on the Walmart Representation when it agreed to sell the Transferred Assets.

17. Plaintiff has fully complied with the terms and conditions of the Agreement.

### FIRST CAUSE OF ACTION

18. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 17 as if fully set forth herein.

19. Although duly demanded, Defendant has failed to deliver Finesse brand registrations for Costa Rica, El Salvador and Guatemala as required by the Agreement.

20. The Finesse brand registrations for Costa Rica, El Salvador and Guatemala were to be included in the Transferred Assets sold by the Defendant.

21. As a result of the Defendant's breach of the Agreement by failing to deliver the Finesse Brand registrations for Costa Rica, El Salvador and Guatemala, Plaintiff has been damaged in an amount exceeding the jurisdictional requirements of Section 1332 of Title 28 of the United States Code.

## SECOND CAUSE OF ACTION

22. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 21 as if fully alleged herein.

23. Upon information and belief the Walmart Representation was untrue when made.

24. Upon information and belief the Defendant knew the Walmart Representation was untrue when made.

25. The Defendant knew that Plaintiff was relying on the Walmart Representation.

26. As a result of the Defendant's breach of the Walmart Representation Plaintiff has been damaged in an amount exceeding the jurisdictional requirements of Section 1332 of Title 28 of the United States Code.

## THIRD CAUSE OF ACTION

25. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 26 as if alleged herein.

26. Section 1.02(a)(viii) of the Agreement provides the "Transferred Assets" include,

> (viii) all pre-paid expenses that are used or held for use exclusively in, or that arise exclusively out of the operation or conduct of the business.

27. Beginning January 1, 2006 the Defendant established certain accruals or reserves for certain expenses that would be incurred during the calendar year, including a trade promotional accrual and a returns allowance accrual.

28. After transfer of the assets pursuant to the Agreement, as promotional and returns expenses were incurred they were either paid by or deducted from sales revenues due to the Plaintiff.

29. The promotional expenses incurred by the Plaintiff should have been paid from the accruals and reserves established by the Defendant. They are pre-paid expenses used or held for use exclusively in or that arise out of the operation or conduct of the Business.

30. Plaintiff has demanded that Defendant reimburse it for all pre-paid expenses paid by it or deducted from sales revenues.

31. Defendant has failed and refused to pay Plaintiff the promotional and returns expenses due to it for the period April 26, 2006 to December 31, 2006.

32. As a result of the foregoing Plaintiff has been damaged in an amount in excess of the jurisdictional requirements of Section 1332 of Title 28 of the United States Code.

### FOURTH CAUSE OF ACTION

33. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 32 as if fully set forth herein.

34. Section 1.02 (a)(vii) provides in pertinent part that the Transferred Assets shall include,

> (vii) all books of account, general, financial and accounting records, files ... that are used or held for use exclusively in, or that arise exclusively out of, the operation or conduct of the business ...

35. The Defendant has failed to transfer to the Plaintiff the financial and accounting records including those necessary to obtain refunds on certain taxes collected by the Canadian

HARRIS BEACH
ATTORNEYS AT LAW

5

government on various internal inventory transactions and services performed pursuant to the Temporary Services Agreement incorporated in the Agreement.

36. As a result of the Defendant's failure to transfer accounting and financial records as required by the Agreement Plaintiff has been damaged in an amount exceeding the jurisdictional requirements of Section 1332 of Title 28 of the United States Code.

## DEMAND FOR JURY TRIAL

37. Plaintiff demands a trial by jury of all causes of action alleged in this Complaint.

WHEREFORE, Plaintiff demands that a judgment be entered against the Defendant:

1. On the First Cause of Action in an amount exceeding the jurisdictional requirements of this Court;

2. On the Second Cause of Action in an amount exceeding the jurisdictional requirements of this Court;

3. On the Third Cause of Action in an amount exceeding the jurisdictional requirements of this Court;

4. On the Fourth Cause of Action in an amount exceeding the jurisdictional requirements of this Court.

5. Granting such other and further relief as to the Court may seem just and proper.

Dated: November 13, 2007

Yours, etc.,
Harris Beach PLLC

By: _____
Steven J. Rice, Esq. ID No. 1934
Richard T. Sullivan, Esq.
*Attorneys for Plaintiff*
100 Wall Street
New York, New York 10005
(212) 687-0100
(716) 200-5114