UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LORNAMEAD, INC.,<br><br>       Plaintiff/Counterclaim-Defendant,<br><br>       -against-<br><br>CONOPCO, INC.,<br><br>       Defendant/Counterclaim-Plaintiff. | ECF CASE<br>07-Civ-10385<br>(LBS)<br><br>ANSWER, DEFENSES AND<br>COUNTERCLAIM |

       Defendant Conopco, Inc., by its attorneys, Cravath, Swaine & Moore LLP, as and for its Answer, Defenses and Counterclaim to the Complaint, states as follows:

### THE PARTIES

       1.     States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1.

       2.     Admits the allegations in paragraph 2.

### JURISDICTION AND VENUE

       3.     Admits that the allegations contained in paragraph 3 purport to establish jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

       4.     Admits the allegations contained in paragraph 4.

## THE ASSET PURCHASE AGREEMENT

5. Denies the allegations contained in paragraph 5, except admits that the parties entered into the March 24, 2006, Asset Purchase Agreement ("the Asset Purchase Agreement" or "Agreement") whereby Defendant agreed to sell and Plaintiff agreed to buy certain hair care product businesses, and refers to that agreement for its content.

6. Denies the allegations contained in paragraph 6, except admits that the Agreement references certain assets to be transferred pursuant to the Agreement and refers to that agreement for its content.

7. Admits that the allegations contained in paragraph 7 purport to excerpt a portion of the Agreement and refers to that agreement for its content.

8. Denies the allegations contained in paragraph 8, except admits that the Agreement references certain trademarks, trademark registrations and trademark applications to be transferred pursuant to the Agreement and refers to that agreement for its content.

9. Denies the allegations contained in paragraph 9, except admits that the Agreement references certain trademarks and refers to that agreement for its content.

10. Denies the allegations contained in paragraph 10, except admits that the allegations purport to excerpt a portion of the Asset Purchase Agreement and refers to that agreement for its content.

11. Denies the allegations contained in paragraph 11, except admits that the allegations purport to excerpt a portion of the Asset Purchase Agreement and refers to that agreement for its content.

12. Denies the allegations contained in paragraph 12, except admits that the allegations purport to excerpt a portion of the Asset Purchase Agreement and refers to that agreement for its content.

13. Denies the allegations contained in paragraph 13, except admits that the allegations purport to excerpt a portion of the Asset Purchase Agreement and refers to that agreement for its content.

14. Denies the allegations contained in paragraph 14, except admits that Walmart was a customer of the Finesse and Aqua Net businesses.

15. States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15.

16. Denies the allegations contained in paragraph 16, except admits that the Asset Purchase Agreement contained a disclosure relating to Walmart that Defendant believed Plaintiff was aware of.

17. Denies the allegations contained in paragraph 17.

## FIRST CAUSE OF ACTION

18. Responds to paragraph 18 by repeating and realleging its responses to paragraphs 1 through 17.

19. Denies the allegations contained in paragraph 19, except admits that Asset Purchase Agreement references the transfer of certain brand registrations and refers to that agreement for its content, and further states that certain registrations referenced in that agreement have not yet been transferred to Plaintiff.

20. Denies the allegations contained in paragraph 20, except admits that the allegations purport to summarize a portion of the Asset Purchase Agreement and refers to that agreement for its content.

21. Denies the allegations contained in paragraph 21.

## SECOND CAUSE OF ACTION

22. Responds to paragraph 22 by repeating and realleging its responses to paragraphs 1 through 21.

23. Denies the allegations contained in paragraph 23.

24. Denies the allegations contained in paragraph 24.

25. Denies the allegations contained in the first-numbered paragraph 25, except admits that the Asset Purchase Agreement contained a disclosure relating to Walmart that Defendant believed Plaintiff was aware of.

26. Denies the allegations contained in the first-numbered paragraph 26.

### THIRD CAUSE OF ACTION

27. Responds to the second-numbered paragraph 25 by repeating and realleging its responses to paragraph 1 through the first numbered paragraph 26.

28. Admits that the allegations contained in the second-numbered paragraph 26 purport to excerpt a portion of the Asset Purchase Agreement and refers to that agreement for its content.

29. Admits the allegations contained in paragraph 27.

30. Denies the allegations contained in paragraph 28, except admits that certain promotional and returns expenses were paid by or deducted from sales revenues of Plaintiff.

31. Denies the allegations contained in paragraph 29.

32. Denies the allegations contained in paragraph 30, except admits that Plaintiff and Defendant have discussed payment of any expense-related amounts due under the Agreement.

33. Denies the allegations contained in paragraph 31, except admits that Plaintiff and Defendant have discussed payment of any expense-related amounts due under the Agreement, and further states that, upon agreement on reconciliation of such amounts, it shall make any payment actually due under the Agreement.

34. Denies the allegations contained in paragraph 32.

## FOURTH CAUSE OF ACTION

35. Responds to paragraph 33 by repeating and realleging its responses to paragraphs 1 through 32.

36. Denies the allegations contained in paragraph 34, except admits that the allegations purport to excerpt a portion of the Asset Purchase Agreement and refers to that agreement for its content.

37. Denies the allegations contained in paragraph 35, except admits that certain financial and accounting records used by Defendant were not provided to Plaintiff.

38. Denies the allegations contained in paragraph 36.

39. Admits that in paragraph 37 Plaintiff purports to seek a trial by jury of all causes of action in the Complaint.

40. Denies that plaintiff is entitled to the relief sought in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver and/or estoppel and/or laches.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and/or in pari delicto.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Article VIII of the Asset Purchase Agreement.

### COUNTERCLAIM

Defendant Conopco, Inc. ("Conopco"), by its attorneys, Cravath, Swaine & Moore LLP, as for its counterclaim against Plaintiff Lornamead Inc. ("Lornamead"), avers as follows:

### THE PARTIES

1.  Upon information and belief, Lornamead is a Delaware corporation with its office and principal place of business in the State of Connecticut.

2.  Conopco is a New York corporation with its office and principal place of business in New Jersey.

### JURISDICTION AND VENUE

3.  This Court has supplemental jurisdiction over the counterclaim pursuant to Section 1367 of Title 28 of the United States Code.

4.  Venue is proper in this Court pursuant to Section 11.10 of a March 24, 2006, Asset Purchase Agreement (the "Agreement") entered into between the parties.

### THE PURCHASE PRICE DISPUTE

5.  On March 24, 2006, Conopco and Lornamead entered into the Agreement whereby Conopco agreed to sell and Lornamead agreed to buy certain hair care product businesses, including Finesse and Aqua Net, to be added to Lornamead's portfolio of health and beauty products. The Agreement was amended and the transaction closed on April 26, 2006.

6. Section 11.09 of the Agreement specifies that the Agreement and any disputes related to it are governed by New York law.

7. Pursuant to Section 5.06 of the Agreement, Lornamead was to make certain additional payments, (the "Purchase Price Adjustment"), to Conopco that depended on the calculation of the calendar year 2006 financial results of the Finesse business.

8. Section 5.06(d) of the Agreement further provides that if a dispute arose as to the calculation of the Purchase Price Adjustment, the parties could submit the dispute to KPMG LLP ("KPMG") to for a "final, binding" determination of the amount owed.

9. A dispute arose between the parties as to calculation of the Purchase Price Adjustment and the dispute was submitted to KPMG for resolution.

10. On October 12, 2007, KPMG issued a Final Determination and Award ("Award") that required Lornamead to pay Conopco $5,564,302.99.

11. Section 5.06(e) of the Agreement requires the payment to be made within five (5) business days of the "final and binding" determination of the amount due. Accordingly, payment was due by October 19, 2007.

12. On October 19, 2007, Lornamead made a wire payment of $3,014,644.49, which was $2,549,658.50 less than the amount of the Award.

13. On October 23, 2007, Conopco filed a petition in this Court to confirm the Award and obtain a judgment for the amounts still due under the Award.

14. On November 15, 2007, Lornamead agreed not to oppose Conopco's petition to confirm the Award and gave its consent to entry of judgment.

15. This Court entered judgment on November 15, 2007.

16. On November 20, 2007, Conopco was served with a motion seeking to stay the enforcement of the November 15, 2007, judgment.

17. On December 6, 2007, after a hearing, this Court denied Lornamead's motion to stay enforcement of the November 15, 2007, judgment.

### FIRST COUNTERCLAIM

18. Conopco repeats and realleges the allegations contained in paragraphs 1 through 17.

19. Section 8.02 of the Agreement provides that Lornamead shall indemnify Conopco for any losses, which include any "reasonable third-party legal fees and expenses", resulting from "any breach of covenant" of Lornamead contained in the Agreement.

20. Lornamead breached its covenant to pay the Purchase Price Adjustment within 5 days of the Award.

21. Conopco incurred third-party legal fees in collecting the amount owed by Lornamead under the Award.

22. As a result of the foregoing, Conopco has been damaged in amount to be determined at trial.

WHEREFORE, Defendant demands judgment:

(1) Dismissing the Complaint in its entirety;

(2) Denying each and every demand and prayer for relief contained in the Complaint;

(3) Awarding Defendant damages on the counterclaim in an amount to be determined at trial;

(4) Awarding Defendant reasonable attorney's fees and expenses and the costs and disbursements of defending this action; and

(5) Granting such other and further relief as the Court deems just and proper.

December 14, 2007

                                              CRAVATH, SWAINE & MOORE LLP,

                                by _____

                                                John E. Beerbower
                                                A member of the Firm

                                      Attorneys for Defendant/Counterclaim-
                                      Plaintiff
                                              Worldwide Plaza
                                              825 Eighth Avenue
                                                New York, NY 10019
                                                  (212) 474-1000